1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  MATTHEW JENSEN,                    Case: No. 1:11-cv-01148-GBC (PC)

10
11                    Plaintiff,      FINDINGS AND RECOMMENDATION
                                      RECOMMENDED THAT WRIT OF
12       v.                           MANDAMUS BE DENIED AND ACTION
                                      DISMISSED
13  F. X. CHAVES,
                                      (Docs. 5, 8)
14
                      Defendant.
15  _____/

16       Matthew Jensen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

17  filed pursuant to 42 U.S.C. § 1983.  On July 11, 2011, Plaintiff filed his original complaint.  (Doc.

18  1).  On July 20, 2011, the Court ordered for Plaintiff's original complaint to be stricken due to a lack

19  of signature and ordered Plaintiff to submit a signed complaint within thirty days or else the action

20  would be dismissed.  (Doc. 5).  On July 29, 2011, Plaintiff filed a writ of mandamus against prison

21  officials.  (Doc. 8).  In his petition, Plaintiff seeks an order declaring that certain prison officials

22  erred in destroying Plaintiff's medically necessary appliance and that the Court order the prison

23  officials to comply with searching regulations and to compensate Plaintiff.  (Doc. 8).

24       Pursuant to 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the

25  nature of mandamus to compel an officer or employee of the United States or any agency thereof to

26  perform a duty owed to the plaintiff."  "Mandamus is an extraordinary remedy . . . [and] is

27  appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant

28  official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no

1

other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal citations and quotations omitted).  The Court has no jurisdiction over state officials.  28 U.S.C. § 1651; *see also Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).  Therefore, Plaintiff's petition seeking orders directed at prison officials should be denied.

Moreover, Plaintiff was warned that failure to obey the order to file a signed complaint would result in dismissal of the action.  (Doc. 5).  Local Rule 110 provides that "failure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Such sanctions can include dismissal of this action.  *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226-27 (9th Cir. 2006).

Accordingly, it is HEREBY RECOMMENDED that:

1.    Plaintiff's petition for writ of mandate, filed July 29, 2011, be DENIED; and

2.    The action be dismissed for failure to comply with court order.


These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).


IT IS SO ORDERED.


Dated:     August 25, 2011

UNITED STATES MAGISTRATE JUDGE